FLETCHER ET AL. v. RYND ET AL.

*Wills—Devise to wife to be divested upon remarriage—Gift over effective upon wife's decease unmarried.*

Where a testator devises to his wife all the real estate of which he is seized at the time of his death, to be held, used and enjoyed as her own so long as she remains his widow, and the will provides that if she shall marry again then from the date of such marriage such real estate is devised to certain other named persons, the widow takes a life estate subject to be divested before her death by her remarriage, and the gift over takes effect even though the tenant for life does not marry.

(Decided June 15, 1920.)

APPEAL: Court of Appeals for Fulton county.

*Mr. H. Spain Bauman* and *Mr. Paul Gaynor*, for plaintiffs.

*Messrs. Garrison & Phillips* and *Messrs. Baldwin & Alexander,* for defendants.

CHITTENDEN, J.    This action is brought to quiet title in the plaintiffs to eighty acres of land situate in the township of Royalton, county of Fulton. The questions presented are determined by the construction of the will of one Richard Hinkle. At the time of his death Richard Hinkle was the owner of the eighty acres, holding one-third by inheritance and two-thirds by purchase from his sisters. Richard Hinkle died in 1902, leaving a last will and testament. The first item of the will provides for the payment of his funeral expenses and debts. The second, third and fourth items of the will are as follows:

"Second. All the rest, residue and remainder of my personal estate, of every name, nature and description, and wherever situated, I give and bequeath to my beloved wife Anne J. Hinkle, her heirs and assigns forever.

"Third. To my said wife, Anne J. Hinkle, I give, devise and bequeath all the real estate owned by me that is situate in the county of Lenawee, and State of Michigan, to her heirs and assigns forever.

"Fourth. To my said wife, Anne J. Hinkle, I give, devise and bequeath all of the real estate of which may be seized and own at the time of my death, which is situated in the state of Ohio, to have, hold, use and enjoy as her own, so long as she shall remain my widow; but should she marry again, after my decease, then, from the date of such marriage, I give, devise and bequeath such real estate lying & being in the State of Ohio to my sisters Jane M. Warner and Louisa Hartshorne and my half brother Elias C. Sixby, to have hold use and enjoy to them their heirs and assigns forever in fee simple."

The plaintiff Jane M. W. Fletcher is the sister named in the will as Jane M. Warner, and the plaintiffs Frances E. Bartelle and Cora A. Hartshorne are the daughters of the sister mentioned in the will by the name of Louisa Hartshorne, who is now deceased. Anna J. Hinkle never remarried and died in the spring of 1919, leaving a last will and testament by which she attempted to dispose of the eighty acres in Fulton county. The plaintiffs claim title to the land by virtue of the will of Richard Hinkle, and the claims of the defendants rest upon the will of Anna J. Hinkle.

The question presented for determination by this court is what estate was conveyed by the will of Richard Hinkle to his wife, Anna J. Hinkle, and to his sisters, Jane M. Warner and Louisa Hartshorne, and to his half-brother, Elias C. Sixby. A reading of the entire will makes clear the intention of the testator, and, where the intention is not in doubt, it is not necessary to resort to rules of construction. It is apparent that Richard Hinkle undertook to make a complete disposition of all his property by his last will and testament. By the second item all his personal property of whatever nature, remaining after the payment of his funeral expenses and just debts, is given absolutely to his wife. By the third item an absolute gift is made to his wife of all the real estate owned by him in Lenawee county, Michigan. The only dispute arises over the construction of the fourth item. It is clear that by the provision of the fourth item of the will he gave to his wife a life estate in the Fulton county farm subject to be divested by her remarriage. (*Fetter* v. *Rettig*, 98 Ohio St., 428.) By the precise language of the will, if his wife shall marry again then from the date of such marriage the real estate in question is devised to his sisters, Jane M. Warner and Louisa Hartshorne, and to his half-brother, Elias C. Sixby. It is earnestly contended that these parties only take under the will in case of the remarriage of Anna J. Hinkle, and that as that contingency never occurred Richard Hinkle died intestate as to the remainder over after the termination of the wife's life estate. We cannot, however, read out of the will as a whole, any such intention on the part of the testator. Bearing in mind that this farm

was formerly owned by the testator's father, it is
most natural that Richard Hinkle should desire to
have it kept in the Hinkle family after either the
remarriage or death of his wife, Anna J. Hinkle.
It is inconceivable that he should desire to have
this property go to his sisters and half-brother in
the event of the remarriage of Anna J. Hinkle,
but not to go to them if she did not remarry
and her life estate was terminated by death.
Clearly he undertook to give to his wife all
his personal property and all real estate owned
by him in Michigan absolutely, so that she might
dispose of the same by will, no doubt understand-
ing that she would follow the promptings of nature
and make provision out of that property for her
own relatives. He also gave her the use and en-
joyment of the eighty acres in Fulton county dur-
ing her lifetime, unless she should remarry, and
intended that the property then should go in fee
simple to his own designated blood relatives, who
were the direct descendants of his father, from
whom the farm came. In the third item, proper
and apt terms are used to convey a fee simple,
and undoubtedly such terms would have been used
in the fourth item of the will if he had intended
to convey to his wife a fee subject to be defeated
upon her remarriage.

Not only does this construction express the
manifest intention of the testator, but it is in
accord with the well-established rules of construc-
tion. The rule is clearly and concisely stated in
the case of *Eaton* v. *Hewitt*, 62 English Reports,
591, 594, also reported in 2 Drewry & Smale, 184.
The language there used is as follows:

"It is a rule now well established that, where a

testator gives to a woman a life interest, if she so long remains unmarried, and then directs that in the event of her marrying the property shall go over to another, although according to the strict language the gift over is expressed only to take effect in the event of the marriage of the tenant for life, the gift over is held to take effect even though the tenant for life does not marry.''

The rule thus announced has been followed in a long line of decisions, a few of which are the following: *In re Cane, Ruff* v. *Sivers,* 60 Law Journal, 36; *Haab* v. *Schneeberger,* 147 Mich., 583, and *Metcalf* v. *Framingham Parish,* 128 Mass., 370, 375.

Counsel for defendants have called attention to a later Michigan case, *In re Shumway's Estate,* 194 Mich., 245. We have examined this case and find nothing therein in any way conflicting with or modifying the rule as announced in *Haab* v. *Schneeberger.*

We find, therefore, that the will of Richard Hinkle, by the fourth item thereof, gave to his wife a life estate in the Fulton county farm subject to be divested by remarriage before her death, and a vested remainder in fee simple to his sisters and half-brother. There is nothing contained in the will which can be regarded as a condition precedent to the vesting of the remainder, and it is the settled law of Ohio that in the construction of devises of real estate all estates are to be held to be vested except where there is a condition precedent to the vesting so clearly expressed that the courts cannot treat the estate as vested without deciding in direct opposition to the terms of the will. To effect this result, words of seeming

condition will be construed, whenever possible, as postponing only the right of possession. *Linton* v. *Laycock*, 33 Ohio St., 128. It is a fundamental principle in the law of remainders that a remainder vests when there is a person in being who would have the right to possession immediately upon the determination of the intervening particular estate, and is never to be held a contingent interest when, consistently with intention, it can be held to be vested.

Finding as we do, not only by the well-established rules of construction, but by the clear and manifest intention of the testator, as expressed in the will, that the plaintiffs are the owners of the land in question, by virtue of the terms of the will of Richard Hinkle, a decree will be entered quieting their title as prayed for in the petition.

*Decree accordingly.*

KINKADE and SHOHL (of the First Appellate District, sitting in place of RICHARDS, J.), JJ., concur.