STAHL, ADMR., *v.* MOHR ET AL.

(Decided April 9, 1928.)

*Mr. Daniel W. Stahl, Mr. W. F. Garver* and *Mr. W. W. Badger,* for plaintiff.

*Mr. Wm. R. Thom,* for defendants.

HOUCK, J.   This is an action for construction of the will of G. Frederick Wucherer, until his death in August, 1895, a resident of Holmes county, Ohio, instituted by Daniel W. Stahl, as administrator *de bonis non* with the will annexed of the estate.   The will reads as follows:

"I, G. Frederick Wucherer of Winesburg, Holmes County, Ohio, being of sound and disposing mind and memory, and being desirous of settling my worldly affairs, while I have strength and capacity so to do, do make, publish and declare this my last will and testament, that is to say:

"1st.   I give and devise to my beloved wife, Anna, the use of my farm as long as she lives, or so long as she remains my widow.

"2nd.   I give and bequeath to my beloved wife, Anna Wucherer, the interest each year of all the money I have, or so much thereof as my executor deems she ought to have, in addition to products of the farm to pay incidental expenses in rearing and educating my children.   But the amount she shall receive from the interest of the money shall be left wholly with my executor.

"3rd.   My executor shall superintend the farm, and do all necessary repairing to the buildings and attend to the same in a good husbandlike manner, and render the products or profits of the farm to my wife.

"4th.   The money I have on interest shall be kept on interest and in no case shall my executor use any

of the principal, except it be to make needed, repairs to the buildings.

"5th. Upon the death of my wife, my property both real and personal shall be sold by my executor, and the proceeds arising from said sale, shall be distributed equally among my children, and my executor shall have full power to sell my real estate and execute deed or deeds to the purchasers.

"6th. If my executor wants to farm my farm himself, he shall have the right to do so.

"7th. My executor shall be relieved from giving any bond as executor of my estate.

"8th. If my wife should die before my children are of age, then my said executor shall care for them.

"9th. I hereby nominate and appoint George Leyman as executor of this my last will and testament.

"In Testimony Whereof, I have hereunto set my hand and seal this 7th day of May, 1895."

At the time said will was probated there were living his widow, Anna Wucherer, and three children, Mary Wucherer Mohr, Fred Wucherer and Rose Wucherer Frye. The latter died in Canton, Ohio, intestate, in August, 1924, without children, but leaving a husband, Austin Frye, who is a party defendant in this lawsuit. Anna Wucherer, the widow of G. Frederick Wucherer, died in December, 1926, and at that time, therefore, only two of her children and of the testator survived—Mary Wucherer Mohr and Fred Wucherer. The estate consists of a farm and certain moneys and securities.

The plaintiff contends that Austin Frye has no interest in the estate for the reason that his wife

died more than two years prior to the time of the death of Anna Wucherer, the widow of G. Frederick Wucherer; that up to the time of the death of the widow, Anna Wucherer, the estate was vested in the executor *de bonis non;* and that after the death of Anna Wucherer the estate became vested in the two surviving children of Anna Wucherer, namely, Mary Wucherer Mohr and Fred Wucherer.

It is urged on behalf of Austin J. Frye and William Jacob, administrator of the estate of Rose Wucherer Frye, that the estate of Rose Wucherer Frye is entitled to one-third of the estate of G. Frederick Wucherer upon its distribution, which is about to be made.

The question presented here for answer by decree of this court is: Did the interest of Rose Wucherer Frye, one of the children, who was living at the time of the death of testator, vest at that time, or was it contingent upon her surviving her mother, Anna Wucherer?

In construing a will, if the language is plain and its meaning obvious, a court has no right to qualify or control such language in any way by conjecture or doubt that seemingly may arise from extraneous facts. Yet one of the outstanding rules of construction is to ascertain what the testator intended, and this courts strain to discover, based on the language used by the scrivener. Sometimes the intention is best determined from a consideration of the substance and not merely of the form of the instrument.

There seems to be no fixed or fast rule applicable to all wills in their construction. Each stands alone, but the "polestar" for each and all is to ascertain the intention of the testator.

"Where there are doubtful clauses in a will, the court, in determining the meaning that the testator intended they should have, will not be controlled entirely by general rules, or by judicial decisions, in cases apparently similar, but will interpret them reasonably in the particular case." *Moon, Admr.,* v. *Stewart,* 87 Ohio St., 349, 101 N. E., 344, 45 L. R. A. (N. S.), 48, Ann. Cas., 1914A, 104, and *Anderson* v. *Gibson,* 116 Ohio St., page 684, 157 N. E., 377, 54 A. L. R., 92.

In Ohio as well as in most other jurisdictions the law favors the vesting of any and all interest in the testator's estate in the devisee or legatee at the earliest possible time, upon the death of the testator, unless an intention to the contrary clearly appears in the will. The fact that the testator directs the property to be "set apart" or payment or distribution made at a future time does not prevent the vesting of the estate at the time of the death of the testator.

In the instant case the mere fact that the distribution of the estate, as provided in item five of the will, was not to be made until the death of the widow, Anna Wucherer, does not in any way indicate an intention on the part of G. Frederick Wucherer to postpone the vesting of the interest of his three children in his estate until after the death of their mother.

He had these three children when he executed his will, and they survived him, and there being nothing in the will to indicate that he did not intend the vesting of his estate in his children at the time of his death, the law of inheritance, as well as the rules as to the construction of wills, fix the vesting as at the

time of the testator's death. However, the time of distribution is postponed until the death of the widow, as set forth in item five of the will.

"The law favors the vesting of estates, and in the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator, unless a condition precedent to such vesting is so clearly expressed that the estate cannot be regarded as so vested, without directly opposing the terms of the will. To this end, words of seeming condition will, if they can bear that construction, be held to have the effect of postponing the right of possession only, and not the present right to the estate." *Linton* v. *Laycock*, 33 Ohio St., 128; *Tax Commission* v. *Oswald, Exrx.*, 109 Ohio St., 36, 53, 141 N. E., 678; *Phillips, Exr.*, v. *Cole*, 11 Ohio App., 431; and *Fletcher* v. *Rynd*, 18 Ohio App., 136, 141.

It is the rule in Ohio, as to the construction of wills providing for legacies or devises, that where the contingency applies to the payment merely, the legacy is vested; but, where it applies to the gift itself, the legacy is contingent.

A present gift in interest at the death of the testator is to be implied from the direction in a will to sell the real estate and divide the proceeds, the right of possession and enjoyment simply being postponed to let in the intermediate life estate. See *Richey, Exr.*, v. *Johnson*, 30 Ohio St., 288, 294; *Johnson* v. *Johnson*, 51 Ohio St., 446, 38 N. E., 61; and *Executors of Eury* v. *State*, 72 Ohio St., 448, 454, 74 N. E., 650.

It is certainly clear from the facts and the provisions of the will of G. Frederick Wucherer that at the time of the making of his will, and at his death,

he had three children; that each and all of them were natural objects of his bounty and that he had no reason to believe that any of them would precede their mother in death; and that he gave their mother a certain designated life interest in his estate and directed that at her death all his property be converted into money and the proceeds distributed among his children. Testator certainly had in mind the division among his children as to numbers as they were at the time of the execution of his will. If he had intended otherwise, he would have stated in item five to the contrary by using the words, or similar ones, ''shall be distributed among my children who shall be living at the death of my wife.'' Not having so stated, his estate, under the clear and plain intention of the testator as disclosed by the language employed in his will, must and should be distributed as follows: One-third of the proceeds to Mary Wucherer Mohr; one-third to Fred Wucherer; and one-third to William Jacob as the administrator of the estate of Rose Wucherer Frye, deceased, the same to be distributed by him as provided by law.

*Decree and judgment accordingly.*

SHIELDS and LEMERT, JJ., concur.