**WILCOX, Plaintiff-Appellee, v. CENTRAL NATIONAL BANK, et, Defendants, OLMSTED, Defendant-Appellant.**

Ohio Appeals, Seventh District, Ashtabula County.

No. 466.   Decided April 2, 1945.

Howard M. Nazor, Ashtabula, for defendant Robert Cox. Snyder, Seagrave, Roudebush & Adrion, Cleveland, for defendant-appellant Zella G. Olmsted.

## OPINION

By PHILLIPS, J.

George H. Olmsted, a resident of Cuyahoga County, Ohio, died testate there on April 8, 1925.

The Central National Savings Bank and Trust Company was named by the testator in his will and subsequently appointed executor and trustee thereof by the probate court of Cuyahoga County, Ohio. At this time that institution is known as The Central National Bank of Cleveland, Ohio.

Testator's will provided inter alia as follows:—

"FIFTH: I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situated, at my decease (except my life and fire insurance business, which I have otherwise disposed of) unto The Central Nationl Bank Savings & Trust Company, its successors and assigns, in trust for the use and benefit of my wife, Ella L. Olmsted, during the remainder of her life, the income therefrom to be paid to her monthly or quarterly, as she may need or request it. This is to be in lieu of her first years support and dower in my estate. It is my wish that, except for some strong and impelling reason, said trustee shall retain my stocks and securities intact and shall not sell the same (particularly the Four Hundred (400) shares of the capital stock of The Union Trust Company, hereinafter bequeathed in kind to my son, Howard Olmsted) during the life of my said wife, Ella L. Olmsted, unless, in the judgment of the trustee, it be necessary to do so to pay debts, taxes or obligations properly chargeable to my estate or may be required for the safety or enhancement of my estate. Subject to the foregoing limitations, said trustee is hereby empowered and authorized to bargain, sell, convey, lease, mortgage, collect, invest, reinvest, manage, control and deal with any of my said property during the continuance of said trusteeship. My homestead property, located at 1469 East Boulevard, Cleveland, Ohio, where my wife and I now reside, extending through to East 105th Street, is owned by my wife and by me with the right of entire ownership in the survivor. If she survives me, my wife will be the sole owner of said homestead property at my death, and it is my wish that the contents of said house and garage be left in her pos-

session and to her full use and control during the remainder of her life."

"Any income from my estate received by said trustee during the life of my wife, which is not used by her hereunder, shall be added to the corpus of my estate, and as soon after the decease of my wife as practicable, said trustee shall, except as herein limited, sell and convert into money enough of the stock and other securities belonging to my estate, which are not bequeathed herein in kind, to enable it to pay the legacies herein mentioned and transfer or distribute to the following named devisees and legatees the property or money herein specified. If my wife survives me, none of the following described legacies is to be paid until after her death."

"TWENTY-FIRST. I give and bequeath to Mrs. Lynn Brakeman, if she has not remarried at the time my trustee or executor is ready to pay this legacy, the sum of One Thousand Dollars ($1,000.00)."

"TWENTY-THREE: I give and bequeath to Mrs. Mabel Holdridge, of Brooklyn, New York, if she is living and unmarried at the time my trustee or executor is ready to pay this legacy, the sum of One Thousand Dollars ($1,000.00)."

"TWENTY-FOURTH: I give and bequeath to Miss Fannie J. Olmsted, of Los Angeles, California, if living at the time my executor or trustee is ready to pay this legacy, the sum of One Thousand Dollars ($1,000.00)."

"THIRTIETH: I give, devise and bequeath to my son, Howard Olmsted, all the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situated, that may be undisposed of after the payment of the foregoing legacies and the distribution of my properties as hereinbefore provided; the unsold securities to be given him in kind."

Mrs. Lynn Brakeman, also known as Eva Lynn Brakeman, testator's niece by marriage, a resident of Ashtabula County, died intestate in Cleveland, Ohio, on September 5, 1926, without remarrying and leaving surviving her as her only heir, her daughter, Margaret Brakeman, who married defendant Robert Cox on August 17, 1940.

Howard Olmsted, testator's son, died testate in and a resident of Cuyahoga County, Ohio, on March 21, 1930, leaving defendant Zella G. Olmsted, his widow, the sole beneficiary under his will.

Ella L. Olmsted, testator's widow, died in and a resident of Cuyahoga County, Ohio, on November 18, 1932.

Margaret Brakeman Cox, a resident of Ashtabula County, died intestate therein on September 13, 1941, leaving defendant Robert Cox, her widower, her only heir at law.

N. A. Wilcox was appointed administrator de bonis non of the estate of Eva Lynn Brakeman by the probate court of Ashtabula County, Ohio, on June 8, 1943.

Shortly after his appointment The Central National Bank of Cleveland, Ohio, "turned over to" N. A. Wilcox, as such administrator de bonis non $1085.26, which was the amount of the legacy to which reference is made in Item 21 of testator's will plus accrued interest.

On March 24, 1944, counsel wrote a letter to N. A. Wilcox on behalf of testator's estate requesting "that the check formerly sent to" him "be not cashed" until it was determined whether or not the legacy was properly paid over by them," and on March 30, 1944, The Central National Bank of Cleveland made demand upon him as such administrator de bonis non "for the return of $1085.26."

On July 19, 1944, N. A. Wilcox, administrator de bonis non of the estate of Eva Lynn Brakeman, deceased, filed a petition for a declaratory judgment in the Probate Court of Ashtabula County, Ohio.

The case was submitted to that court on an agreed statement of facts in which it was stipulated that testator died "leaving a last will and testament, a correct copy of which has been offered and admitted in this case."

Defendant Zella G. Olmsted appealed to this court on questions of law and fact from the finding and judgment of that court without objection and the case was submitted upon brief. In the absence of objection and without determining whether it was properly appealed as one on questions of law and fact it was retained and will be determined as such. The case was submitted to us upon the agreed statement of facts upon which it was submitted to the probate court. Substantially that evidence is set forth in the factual statement of this opinion.

The principal question presented for our consideration and determination is whether the legacy of $1,000.00 given and bequeathed to Eva Lynn Brakeman by Item 21 of testator's will vested in her at his death, a present fixed right of future enjoyment.

Defendant Zella G. Olmsted contends that such legacy

never vested in Eva Lynn Brakeman; that such legacy lapsed for the reason that "Eva Lynn Brakeman was not a child or other relative" of testator, but "merely a relative" of testator's wife; that defendant Robert Cox, husband of Margaret Brakeman Cox (daughter of Eva Lynn Brakeman) never acquired any interest therein, and that her contention "involves" the construction of §10504-73 GC.

Defendant Robert Cox claims that under authority of Larwill v Ewing, 73 Oh St, 177, §10504-73, GC "does not apply in this case and can be entirely disregarded," and the fact that Eva Lynn Brakeman was not a blood relative of testator is immaterial, and argues that the legacy given and bequeathed by Item 21 of testator's will was a vested legacy, and cites authorities to support his contention.

"'When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator." §10504-73 GC.

"'* * * The effect of the statute is to prevent the lapsing of devises and bequests clearly made to a child or other relative of a testator when such primary devisee dies before the testator, but leaving issue which survives him, unless to give it that effect would be subversive of a dispositive, intention clearly expressed in the will." 41 O. Jur., §§15, 936.

"The effect of section 5971, Revised Statutes, (this was the predecessor of the present section 10504-73) is to prevent the lapsing of devises and bequests clearly made to a child or other relative of a testator when such primary devisee dies before the testator, but leaving issue which survives him, unless to give it that effect would be subversive of a dispositive intention clearly expressed in the will." Larwell v Ewing, supra.

The court concludes that §10504-73 GC, does not apply in this case.

Eva Lynn Brakeman, concededly a non-blood relative of testator, survived him, and a majority of the court believes that upon his death the legacy given and bequeathed to her by Item 21 of his will vested in her subject only to being divested if she remarried.

"After a gift has once vested there can be no lapse by the subsequent death of the beneficiary, even though his death

occurs before the legacy becomes payable. If the gift vests on the death of the testator, it will not lapse because of the death of the beneficiary before the time arrives for his enjoyment in possession." Thompson on Wills, Chapter 28, Section 491.

"Whether a legacy or devise is vested or contingent depends upon the testator's intention expressed in the will." 41 O. Jur. §741, P 861.

The certainty of testator's intention as construed herein is fortified by a perusal of other items in his will, which will we have a right to consider in its entirety, in determining the question presented and disposing of the claims and contentions of the respective parties.

The testator must be presumed to have intended that the death of Eva Lynn Brakeman would not effect the vesting of the legacy in her at his death but that her future enjoyment thereof would be divested only if she remarried before distribution.

Item 21 does not make vesting of the legacy to Eva Lynn Brakeman contingent upon her being alive at the time the executors were ready to make distribution. In this respect it differs from the legacies made in items 23 and 24 and legacies made in other items of testator's will.

Tested by the foregoing quotation from the quoted authorities and others, the majority of the court reaches the conclusion that the legacy which testator gave and bequeathed to Eva Lynn Brakeman by Item 21 of his will be retained by plaintiff as administrator de bonis non of the estate of Eva Lynn Brakeman and administered by him as other assets of her estate.

An entry drawn in conformity to the finding of the majority of the court may be presented.

NICHOLS, P. J., concurs in judgment.
CARTER, J., dissents.

### DISSENTING OPINION

By CARTER, J.

I cannot concur in the conclusion reached by my associates for the following reasons.

Testator George H. Olmsted died April 8, 1925. In Item 21 of his will be made provision for Eva Lynn Brakeman, a niece of testator by marriage, therefore not a blood relative. Eva

Lynn Brakeman survived testator by approximately seventeen months, she having died on September 5, 1926, intestate; unmarried and leaving surviving as her only heir Margaret Brakeman, later known as Margaret Brakeman Cox, Margaret having married Robert Cox on or about August 17, 1940. Margaret Brakeman Cox died on September 13, 1941, intestate, leaving Robert Cox her only heir at law.

Is Robert Cox entitled to the legacy provided in Item 21 of the will of George H. Olmsted? First, §10504-73 GC has no application to the case at bar as the relationship between testator and legatee, Eva Lynn Brakeman, was affinitous and not consanguinitous. **Schaefer v Bernhardt, 76 Oh St., 443.** In my judgment Robert Cox is not entitled to the legacy provided in Item 21 of the will. Testator made many bequests in his will, some of which were absolute and unconditional gifts, others were not such; for instance, he provides in Item 17 as follows:—

"I give and bequeath to Michael Tobin (faithful all workmen) the sum of One Thousand Dollars ($1,000.00)."

"Eighteenth: I give and bequeath to Jessie Miles Halsall (former faithful domestic) the sum of Five Hundred Dollars ($500.00)."

"Nineteenth: I give and bequeath to my nephew Charles Noble of Perry, Michigan, the sum of One Thousand Dollars ($1,000.00)."

"Twentieth: I give and bequeath to my niece Cora Noble Wright the sum of Five Hundred Dollars ($500.00)."

These are absolute and unconditional gifts and no one would contend otherwise than that these legacies vested at the time of testator's death. Other bequests have conditions attached such as Item 16, which provides:—

"I give and bequeath to Louise Zoschnick (former domestic) if living at the time my trustee or executor is ready to pay this legacy the sum of Five Hundred Dollars ($500.00)."

Item 21, the item in which we are interested in the instant case, provides:—

"I give and bequeath to Mrs. Lynn Brakeman if she has not remarried at the time my trustee or executor is ready to pay this legacy the sum of One Thousand Dollars ($1,000.00)."

It can scarcely be denied but that this is a conditional bequest. The real question involved, is this a contingent or vested legacy a condition precedent which must be performed before the gift attaches. Whether a legacy or device is vested or contingent depends upon the testator's intention expressed in the will. It is the rule in Ohio that where the contingency applies to the payment merely, the legacy is vested but where it applies to the gift itself the legacy is contingent. **41 O. Jur., p 861, par 741**, the author cites the following cases supporting the text: **Richey v Johnson, 30 Oh St 288; Linton v Laycock, 33 Oh St, 128; Biles v Webb, 118 Oh St, 346, 161 N. E. 49; Stahl v Mohr, 35 Oh Ap., 411,** 172 N. E. 431, 27 O. L. R.. 311; Baldwin v Humphrey, 4 O. C. C. 57, 2 O. C. D. 417, affirmed without opinion in 21 Bull. 399; Union Sav. Bank & T. Co. v Darr, 19 O. C. C. 497, 10 O. C. D. 554; Dean v Nichols, 11 O. Dec. Rep. 215, 25 Bull. 278, on appeal in 6 O. C. C. 587, 3 O. C. D. 597, which is affirmed in **54 Oh St, 628,** 46 N. E. 1156, etc. See also reasoning in **Holt v Miller, 133 Oh St, 418.** Later on in the same paragraph the author states:—

"If the contingency is attached to the thing, or right given, or the person to take, the interest is contingent * * *."

The author then further discusses vested legacies and devises.

Text writers define contingent remainders as follows:—

"Contingent remainders are sometimes called executory remainders. A contingent remainder is one where the estate in remainder is limited either to a dubious and uncertain person, or on the happening of a dubious and uncertain event." 31 C. J. S. page 90, sections 70, 71.

In 31 C. J. S. page 91, section 72, the author states:—
"A contingent remainder is not strictly an estate, but a mere chance of having one, if the contingency turn out favorably to the remaiderman."

In 69 Corpus Juris, page 612, under the subject "Marriage" the author states:—

"In accordance with the rules heretofore stated, unless it can be reasonably inferred from other parts of the will that the testator intended to annex the condition of marriage only to the possession and enjoyment rather than to the gift it-

self, a gift to one 'when,' or 'if' or 'in case,' the beneficiary marries, or 'at' the marriage of one of several beneficiaries, is contingent."

19 American Jurisprudence, page 521, paragraphs 58 and 59:—

"* * * All conditions annexed to estates are either precedent or subsequent, and a stipulation in the form of a common-law condition may operate not only as a condition, but as an equitable restriction as well. * * *"

"Conditions precedent are those which must take place before an estate can vest or be enlarged; and if land is conveyed or devised on a precedent condition, the title will not pass until the condition is performed. Precedent conditions must be literally performed, and even a court of chancery will never vest an estate where, by reason of a condition precedent, it will not vest in law.

"If for any reason a condition precedent is or becomes impossible of performance, no estate vests. * * *

"When a condition precedent is provided for in a will and a time is given in which the devisee is to comply therewith, ordinarily it must be performed within that time."

A large array of authorities are cited in support of the text including decisions by the Supreme Court of the United States. In the case of Finlay v King, 3 Pet. (U. S.) 346, 7 L. ed. 701, the court say:—

"If the language of the particular clause or of the whole will shows that the act on which the estate depends must be performed before the estate can vest, the condition is, of course, precedent."

In the case of Markham v Hufford, 123 Michigan 505, wherein this subject is discussed, at pages 508 and 509 will be found a number of cases involving precedent conditions.

In 19 American Jurisprudence, page 556, section 96, in discussing executory devises the author states:—

"* * * As the United States Supreme Court has concisely stated the basic concept, every executory devise is upon some condition or contingency and takes effect only upon the happening of the contingency or the performance of the condition."

And cites Inglis v Sailor's Snug Harbour, 3 Pet. (U. S.) 99, 7 L. ed. 617.

Further:—

"Devises of this nature are called 'executory,' because the estates thereby limited to take place have no present existence, in contemplation of law, but merely a capacity of existence and of being executed, which devises take effect when the contingency upon which they are limited occurs."

In the case of **First National Bank of Cortland v Logue, Trustee, 89 Oh St, 288,** at page 295 the court quotes with approval the definition of vested and contingent estates as found in Strode v McCormick, 158 Ill. 142:—

" 'An estate is vested in interest when there is a present fixed right of future enjoyment, and an estate is contingent when a right of enjoyment is to accrue on an event which is dubious and uncertain.' "

In the case of **Scott v Kramer, 31 Oh St, 295,** at pages 299 and 300, the court makes some pertinent observations concerning conditions precedent, and cites Wigram on Wills, 271—

" ' Any consideration exacted from a beneficiary or any duty imposed on him, unless it spreads over a very unusual period of time, is a condition precedent.' So, 'a condition to be performed by one, may be imposed as a limitation upon a devise or bequest to another.' "

The court further quotes from the case of Woodcock v Woodcock, Cro. El. 795:—

"A devise to A. in remainder upon such equivalent as the executors might determine, was held valid. Where an estate was devised to B., to take effect only on condition that A died unmarried, it was held that B.'s estate did not vest during the life of A., as the condition might be determined affirmatively or negatively any time during that period; but, though suspended so long, the condition was precedent, and when performed, the estate vested."

Applying the above principles to the instant case can there be any doubt but that the bequest provided for in Item 21 was a contingent bequest. I am fully aware that the courts of this state have adhered to the doctrine of favoring the

early vesting of estates. However, this rule never applies when such runs counter to the intention of the testator as expressed in his will. Legacies may lapse in case the beneficiary dies prior to testator and further legacies may lapse if death occurs before the time the gift is to vest. Thompson on Construction of Wills, page 106, paragraph 63. It appears to me that the intention of the testator clearly indicates that there should be no vesting of the legacy at his death, but that the very existence of the gift itself was dependent upon the contingency which might or might not happen, to-wit remarriage at the time of distribution. In other words, the gift itself depended and was contingent upon legatee not being remarried at time of distribution. She died prior to the time of distribution, however, subsequent to the death of testator her legacy lapsed and her next of kin or their representatives are not entitled to this legacy. No provision is found in the will that in case the legatee died prior to distribution that same was to go to her next of kin; if so, a different situation would be presented. What the testator intended was that the legatee was to have the legacy if she was living and had not remarried, otherwise the gift was not to become effective. The gift itself depended upon a dubious and uncertain event, to-wit remarriage. There was to be no gift unless this condition precedent existed at time of distribution. The legacy provided in Item 21 of testator's will did not vest at the time of testator's death, and therefore neither the next of kin of the legatee nor her representative is entitled to the bequest.