TRUMBO, APPELLEE, v. TRUMBO ET AL., APPELLANTS.

(No. 940—Decided December 23, 1957.)

*Messrs. Bannon, Howland & McCurdy,* for appellee.
*Mr. O. E. Irish* and *Mr. Elliott E. Meyers,* for appellants.

COLLIER, P. J.   This cause is before this court on an appeal on questions of law and fact directed to the judgment of the Common Pleas Court of Lawrence County.   The action was instituted in the court below to quiet title in the plaintiff, Lennie Trumbo, who claims title in fee simple to certain described real estate in said county under the provisions of item 2 of the will of Ambrose J. Trumbo, deceased, and the laws of descent and distribution.

The issues are completed by the answer and cross-petition of certain heirs of the testator, about 40 in number, who claim title to the lands by virtue of the same will and the same statutes of descent and distribution.

After a hearing in the Common Pleas Court, judgment was rendered in favor of the plaintiff and against the defendants. The parties will be referred to herein as the plaintiff and defendants, as they appeared in the Common Pleas Court.

The pertinent facts necessary to render our conclusions understandable are:   That the will of A. J. Trumbo was executed July 3, 1901, and admitted to probate August 1, 1906; that the

testator left surviving him his wife, Martha, his son, George W., and his daughter, Ruby E. Trumbo Davidson, his only children; that the widow, Martha, died February 14, 1923; that Ruby Powell Trumbo, wife of George W. Trumbo, died June 28, 1924, and George W. was remarried to Lennie Trumbo, the plaintiff, on July 3, 1925; that Victor A. Davidson, husband of testator's daughter, Ruby, died February 16, 1936; that Ruby, daughter of the testator, died April 9, 1946; that the son, George W., died October 12, 1947, leaving his wife, Lennie Trumbo, the plaintiff, his surviving spouse and only heir at law; that both testator's children, George W. and Ruby, died without issue and without lineal descendants.

Item 2 of the will reads as follows:

"I devise and bequeath to my son George Whitfield Trumbo, at the death of his mother that, portion of the farm we now live on and before described, lying north of Ironton & Portsmouth Pike—and which our residence is situated—containing 60 or more acres, should he die leaving no children the above to be his wife's as long as she may remain his widow. Should she marry again then to revert back to my daughter Ruby E. Davidson or her children. I also give and bequeath to my son George W. my walnut book case and portrait of my father."

The question to be determined is what title to this real estate was vested in George W. Trumbo by virtue of item 2 of the will. If it was absolute title, then the plaintiff as the surviving spouse, under the statutes of descent and distribution, now has absolute title to the real estate. On the other hand, as contended by the defendants, if George W. was given only a qualified fee which was extinguished upon his death without issue, the title would revert to the heirs of the testator.

The determination of this question necessarily involves a construction of item 2 of the will. The cardinal rule to be followed in the construction of a will is to ascertain the intention of the testator, and to accomplish this purpose we must follow the rules of construction established by prior decisions of the courts of Ohio in order to preserve the certainty, the stability and the symmetry of the law of our jurisprudence.

Under item 1 of the will a life estate in the lands was devised to the widow of the testator.

The decision of the only question involved in the construction of this will turns upon the determination of the meaning of the phrase in item 2 "should he die leaving no children," and upon whether this provision contemplates the death of George W. as occurring prior to that of his mother or whether the condition is to be imposed no matter when George W., the son, should die. The defendants rely upon the general rule of construction as announced in *Briggs* v. *Hopkins et al., Exrs.*, 103 Ohio St., 321, 132 N. E., 843, that where there is a devise to one coupled with a provision that if he die without issue such property shall go to another, the words, "die without issue," and similar phrases are to be interpreted as referring to the time of the death of the first taker, unless a contrary intention and purpose of the testator is clearly manifested.

However, this rule does not apply to cases where there is an intervention of a life estate, as in the instant case. In all the cases we have examined where there is a previous life estate, the words of survivorship are interpreted as referring to the termination of a life estate. 41 Ohio Jurisprudence, 747, Section 629. In all the cases cited and relied upon by defendants there was no intervening life estate, and, therefore, those cases have no application to the problem presented by the facts in the case at bar. The rule applying in cases involving an intervening life estate is concisely stated in the syllabus of *Cavanaugh* v. *Rexer,* 23 N. P. (N. S.), 60, 31 O. D. (N. P.), 493 (affirmed by the Court of Appeals and motion to certify overruled), as follows:

"Where a testatrix by her will devises real estate to A for life and afterwards to B in fee simple, but in case of the death of B without issue to the next of kin of the testatrix, the words 'in case of death without issue' refer to the death of B without issue during the life time of A, and if B survives A her title becomes absolute in fee simple, unless a contrary intent is evinced by the language of the will."

This is a very well considered decision, and the conclusions reached by Judge Geiger are very well supported by good authority.

It appears to this court that it was the evident intention of the testator in this will to give his wife, Martha, a life estate in the farm with the provision that upon her death it should go

to his son, provided he be living at the time of the death of his mother, but if George W. should die without children prior to the death of his mother, then the land should go to his (testator's) daughter, Ruby. There is no provision in the will to indicate any intention to have the land revert to the collateral heirs of the testator.

We are aided in arriving at this conclusion by the rule that the law favors vesting of all interest in a testator's estate in the devisee at the earliest possible time on the death of the testator, unless a contrary intention appears. *Stahl, Admr.,* v. *Mohr,* 35 Ohio App., 411, 172 N. E., 431, and the provisions of Section 2107.51, Revised Code, which read:

"Every devise of lands * * * in a will shall convey all the estate of the devisor therein, unless it clearly appears by the will that the devisor intended to convey a less estate."

A discussion of all the cases which support our conclusion would extend this opinion to unreasonable length and, therefore, we refer to only a few of them: *Miller* v. *Miller,* 10 N. P. (N. S.), 630, 21 O. D. (N. P.), 1, affirmed by the Supreme Court without opinion, 88 Ohio St., 563; *Pendleton* v. *Bowler,* 27 W. L. B., 313, 11 Dec. Rep., 551, affirmed without opinion, 54 Ohio St., 654; *Orendorf* v. *Fayette Farms, Inc.* (C. C. A., 6), 112 F. (2d), 149; 41 Ohio Jurisprudence, 692, Section 576; *Sinton* v. *Boyd,* 19 Ohio St., 30, 2 Am. Rep., 369.

Under this construction of the will, and the son George W. having survived his mother, title in him became absolute, and upon his death without issue or lineal descendants, but leaving the plaintiff, his surviving spouse, title in the land descended under the statutes of descent and distribution, giving her title absolute and in fee simple. Therefore, title to the real estate described in the petition is quieted in the plaintiff as against the defendants, the heirs of the testator.

*Judgment accordingly.*

RADCLIFF and GILLEN, JJ., concur