### MOORE v DECKEBACH et

Ohio Appeals, 1st Dist, Hamilton Co

No 4362. Decided July 3, 1933

Dempsey & Dempsey, Cincinnati, for appellant.

Strasser, Lillie & Schuessler, Cincinnati, for appellees.

**ROSS, J.**

The plaintiff claims that under the law and the provisions of the will, title to a one-fifth interest in the property of the testator vested in his deceased wife upon the death of the testator, the right to possession only being postponed until the termination of the life estate, and that, therefore, as the sole devisee of his deceased wife, he is entitled to her one-fifth share in the estate.

It is the contention of the defendants that the plaintiff not being a "descendant" of his deceased wife can take nothing; the testator having by the use of this word confined the passage of title to the descendants of his children.

The rules of construction applicable to wills have been reiterated so frequently that they are now well-defined and understood. All such rules, however, are mere aids to the court in securing the intention of the testator from the language used. One consideration, however, must be borne in mind, and that is, that a court may not write for testator a portion of a will which he did not include in the will, although it is plain that he would have so provided if the contingency had occurred to him. In other words, the court may only construe what is written. It may not insert, interpolate, or amend.

Upon the death of the testator, the title to his property must vest in someone. In the instant case there can be no question that it vested in his five children, subject to the right of possession in the life tenant, their mother. Having once vested, it cannot be divested, unless the language of the will clearly requires such effect.

"The law favors the vesting of estates, and in the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator, unless a condition precedent to such vesting is so clearly expressed that the estate cannot be regarded as so vested, without directly opposing the terms of the will. To this end, words of seeming condition will, if they can bear that construction, be held to have the effect of postponing the right of possession only, and not the present right to the estate." **Linton v Laycock, 33 Oh St, 128; Tax Commission v Oswald, Exrx., 109 Oh St, 36, 53, 141 NE, 678; Phillips, Exr. v Cole, 11 Oh Ap, 431; and Fletcher v Rynd, 18 Oh Ap, 136, 141."**

See also: **Stahl, Admr. v Mohr et, 35 Oh Ap, 411.**

The simple question thus presented for our consideration is, did the testator use such language as to require that upon the death of his child, the deceased wife of the plaintiff, the title vested in her of one-fifth of his estate, must be divested, and reinvest in the surviving children of the testator, such deceased child having left no descendants,

We consider the use of this term by the testator was employed to designate lineal descendants, children and grandchildren. Neither the child or such descendants being in being at the time set by the will for giving possession to the remainderman, we find no positive requirement in the will demanding the divesting of the title reposing in the wife of the plaintiff up until her death.

It might have been the will of the testator, had it occurred to him, that in the event that a child had predeceased the life tenant, and left no lineal descendants, that its share should be distributed to his other children surviving. We cannot write such an additional proviso in the will. It is not there, either in definite language or by reasonable inference.

The case of **Wells et v Gatch, Admr. et, 21 Oh Ap, 140, (4 Abs 270)**, is easily distinguishable from the instant case in that "nearest heirs" of a child is a term denoting persons who can be ascertained, and such **must** exist. In the instant case there could have been descendants. There were none, and the alternative proviso fails in its application to divest the title reposing in the plaintiff, by devise from his deceased wife.

We find, therefore, that the plaintiff as the devisee of his deceased wife, child of the testator, is entitled to a one-fifth share in the property to be distributed.

Decree accordingly.

HAMILTON, PJ, and CUSHING, J, concur.