LLOYD, APPELLANT, *v.* MCDIARMID ET AL., APPELLEES.

(Decided November 29, 1937.)

*Mr. Francis A. Hoover, Mr. Bert H. Long* and *Mr. Charles E. Weber,* for appellant.
*Mr. Floyd C. Williams, Mr. George E. Mills, Messrs. Gatch, McLaughlin & Gatch* and *Messrs. Stephens & Stephens,* for appellees.

BY THE COURT. This is an appeal on questions of law from a judgment rendered by the Court of Common Pleas of Hamilton county in favor of defendants.

The plaintiff is a son of John Uri Lloyd, deceased, and a beneficiary under his last will and a *cestui que trust* in a trust created by him in his lifetime, the subject-matter of which was 2800 shares of the corporate stock in Lloyd Brothers, Pharmacists, Inc., an Ohio corporation.

The defendants are the trustees named in the trust instrument, the persons to whom were given the right

to vote the stock while it remained in the trust and the right to sell the stock and distribute the proceeds. The other defendants are the beneficiaries, other than plaintiff, and S. B. Penick, with whom a contract to sell the stock had been made.

The action is to enjoin the exercise of the power to sell and vote the stock by those to whom the trust instrument purports to give such power, and for instructions to the trustee.

The decision of all the issues between these parties depends upon the construction and validity of the trust instrument. We quote the material parts of the declaration of trust:

"Now, therefore, the said The Atlas National Bank of Cincinnati, trustee hereunder, hereby certifies and declares that it holds and will hold the said stock, or the proceeds thereof, if and when sold and reinvested, in trust under the terms and conditions, and for the uses and purposes set forth in this agreement and declaration, namely:

"I. To permit the said John Uri Lloyd to collect and receive all dividends, or income of any kind arising from said stock during his life and to vote said stock at all meetings of the stockholders of said Lloyd Bros. Pharmacists, Inc. In case the right of the said John Uri Lloyd to vote said stock in his own name should ever be questioned, the said The Atlas National Bank hereby agrees to give to the said John Uri Lloyd proxies to vote said stock, or agrees itself to vote said stock as directed and desired by the said John Uri Lloyd.

"Upon the death of the said John Uri Lloyd and until said stock shall have been sold the right to vote said stock shall vest in John T. Rouse, William J. Miller, and C. J. McDiarmid, hereinafter called 'Lloyd Trustees,' or in any two of them. It is the desire and intention of the trustor herein to vest in said 'Lloyd

Trustees' above mentioned, or any two of them, the absolute right to manage and control Lloyd Bros. Pharmacists, Inc., until such time as said stock shall be sold and the proceeds of said sale paid to The Atlas National Bank, trustee herein, under the terms of this agreement.

"The said John T. Rouse, William J. Miller and C. J. McDiarmid, 'Lloyd Trustees,' as above mentioned, or any two of them, shall have the sole and absolute right to determine when and to whom said stock shall be sold, in whole or in part, the price and terms of such sale or sales and all matters in connection therewith are left to their judgment and discretion, the trustor having full confidence that said judgment and discretion will be exercised for the best interest of the beneficiaries of the estate of said 'trustor.'

"It is my desire and wish that said 'Lloyd Trustees' shall sell said stock of Lloyd Bros. Pharmacists, Inc., if possible within five (5) years after my death.

"In the event that a vacancy should occur among said 'Lloyd Trustees' the remaining two shall at once select and appoint a third trustee.

"The said The Atlas National Bank hereby agrees to give to said 'Lloyd Trustees' proxies to vote said stock at all times and agrees to sell said stock upon the terms and conditions and when directed by said 'Lloyd Trustees' or any two (2) of them in writing.

"And the said The Atlas National Bank shall incur no liability or responsibility of any kind for the sale or retention of said stock or any part thereof, but shall follow the written direction of said 'Lloyd Trustees' as aforesaid.

"II. After the death of the trustor the trustee is hereby authorized and directed to pay to the executor or administrator of the trustor's estate free of the trusts and conditions herein contained, such part of the principal or the accumulated income of this trust

as said executor or administrator may desire or request for the purpose of paying estate or inheritance taxes imposed by the federal or state authorities on the trustor's estate embraced in this trust or on the interests of the beneficiaries in the property embraced in this trust.

"III. After the death of said John Uri Lloyd, trustor, the trustee herein shall apply all dividends and income received by it from the property held under this trust and shall distribute the same in three (3) equal parts, one-third (1/3) to Dorothy Lloyd Brett, daughter of said John Uri Lloyd, if living; one-third (1/3) to Annie Lloyd Welbourn, daughter of said John Uri Lloyd, if living; and one-third (1/3) to John Thomas Lloyd, son of John Uri Lloyd, if living.

"When and as said stock or any part thereof, in Lloyd Bros. Pharmacists, Inc., is sold by the 'Lloyd Trustees' herein named, or their successors, the proceeds of said sale or sales shall be turned over to The Atlas National Bank, trustee herein, and said trustee shall distribute the principal thereof as follows: One-third (1/3) to John Thomas Lloyd, son of John Uri Lloyd, if living; one-third (1/3) to Annie Lloyd Welbourn, daughter of John Uri Lloyd, if living; and the remaining one-third (1/3) shall be held by the trustee herein mentioned and placed among the assets in Trust Number 12 created by the said John Uri Lloyd with The Atlas National Bank, trustee, on the 28th day of March, 1924, being a trust created by the said John Uri Lloyd for the benefit of his daughter, Dorothy Lloyd Brett, and shall be distributed by said trustee in accordance with the provisions of said trust therein set forth and such modifications and amendments thereof as have heretofore been made or may hereafter be made by the said John Uri Lloyd, trustor.

"If at the time of any sale of Lloyd Bros. Pharma-

cists, Inc., stock the said John Thomas Lloyd and/or Annie Lloyd Welbourn, or either of them, shall have died leaving minor children surviving them, then the share of said child of John Uri Lloyd in the proceeds of sale of stock shall be held by the trustee herein and paid to the children of said deceased child of John Uri Lloyd as they severally reach the age of majority.''

We shall state briefly our reasons for concluding that the judgment should be affirmed.

(1)   By Section 8623-34, General Code, it is enacted that:

''By written agreement certificates for shares of any corporation of this state may be deposited within or without this state by the holder or holders thereof with any person or persons as trustee or trustees, or with any depositary designated by or pursuant to such agreement to act for such trustee or trustees, for the purpose and with the effect of vesting in such trustee or trustees or a majority of such trustees, or in such person or persons as may be designated by or pursuant to such agreement, all or such of the voting, consenting or other rights in or in respect of the shares represented by such certificates or for such other lawful purposes as may be specified in such agreement, and upon such terms, provisions and conditions as may be stated therein.

''No such agreement which confers the voting or consenting rights of said shares shall be made irrevocable for a period of more than ten (10) years, unless the voting or consenting rights granted thereby are coupled with an interest in the shares to which such rights relate, except that if such agreement so provides, such irrevocable rights may from time to time be extended for additional periods of not more than ten (10) years each, upon the vote or assent of the beneficial owners of not less than a majority of the shares deposited under such agreement. * * * ''

It must be assumed that the parties to this trust agreement knew of this statute and contracted with reference to it. They are presumed to intend to contract in conformity to law and, in the absence of irreconcilable language, the applicable law is incorporated into their contract by implication of law.

We find no necessary conflict between the language of the agreement and the statute. The statute supplements the agreement, and, therefore, is a part of it. Under this statute it was lawful for the trustor to give an irrevocable power of attorney for ten years, with right to renew the irrevocable power for ten-year periods under certain conditions. We find nothing in the language of the agreement necessarily indicating an intention to go beyond the statute.

(2) Furthermore, the invalidity of the power to vote would not have the effect of invalidating the other provisions of the agreement.

(3) Upon the death of John Uri Lloyd, an absolute estate in one-third of the trust property vested in each of his living children, subject to be divested by death prior to the distribution of the corpus of the estate. The named children had the enjoyment of the entire beneficial interest from the death of John Uri Lloyd. It is not necessary to construe this trust instrument to determine who would take upon the contingency of death prior to distribution, as that contingency has not occurred and is not likely to occur. Nor is it necessary to determine whether certain possible future estates are too remote under the rule against perpetuities.

(4) As we view the situation presented by this agreement, there is no restraint upon alienation. The instrument seems to necessitate an alienation not required of an absolute owner. But it is said that there has been a separation of the title from the power to alienate and that, therefore, there is a restraint im-

posed upon the owner. It should be observed that the absolute title to the property can only be obtained by assembling the interests of many persons. No one person has the absolute title. To start with, the absolute title has been dissolved into its legal and equitable component parts. Then the absolute equitable title to any part of this property does not reside in any person or class until distribution. Until that time, there is a contingent executory bequest to some or all of the children of any child of John Uri Lloyd who should die before that time.

It is only when an absolute title is involved that the doctrine preventing restraint upon alienation applies, as distinguished from the rule against perpetuities, requiring the vesting of estates within a life or lives in being and twenty-one years thereafter. And even as applied to absolute estates, the doctrine forbidding restraints recognizes the right to impose a condition subsequent, based on an attempt to alienate, providing the estate over will vest within the time prescribed by the rule against perpetuities.

So also, the power to alienate must be distinguished from the right to alienate. An absolute owner who has contracted to sell still has the power to sell to another. And a trustee of an active trust, bound by the terms of the trust instrument to hold for the benefit of *cestui que trusts* may, nevertheless, in violation of his duty sell the trust property and convey an absolute title. He has the power but not the right to sell except in conformity to the terms of the trust. In the case at bar, John Uri Lloyd had the absolute power of disposition. He conveyed the legal title to the Atlas National Bank under a binding agreement on its part to hold that title and dispose of it according to the terms of the agreement. One of the terms of this contract was that it would dispose of the stock at the time and upon the terms determined by a majority of

the committee named by him in the agreement. And this restraint can last only so long as the trust remains active, and as the event has destroyed the executory bequest to the grandchildren, a court of equity would terminate it at any time should the trustee procrastinate.

There is no provision in the trust agreement imposing any restraint upon alienation of the legal title any more than there would be by a provision that the trustee would not dispose of the title in violation of his duty as trustee. And the equitable owners were not restrained in any way in disposing of their equitable titles. *Robert, Exr.*, v. *Corning,* 89 N. Y., 225.

For these reasons, the judgment of the Court of Common Pleas of Hamilton county is affirmed.

*Judgment affirmed.*

Ross, P. J., HAMILTON and MATTHEWS, JJ., concur.