## IMHOFF v IMHOFF et

Ohio Appeals, 5th Dist, Ashland Co

Decided March 15, 1938

B. W. McCray and J. L. Mason, Ashland, for appellant.

Devor & Devor, Ashland, for appellee.

## OPINION

By LEMERT, J.

This cause is before this court for the construction of the will of Martha A. Imhoff, deceased. Martha A. Imhoff died March 9, 1929, leaving a will which was duly probated by the Probate Court of Ashland county, Ohio, on the 15th day of April, 1929. A copy of the will is before us for consideration. The item of the will for which the plaintiff prays instructions is Item 14, which reads as follows:

"At the end of five years, my executrix shall sell my home and after carrying out all the items of my will, what then remains of my estate shall be equally divided among all my children and the heirs of my daughter, Della Simanton, deceased, are to receive her share."

The question arising as to the above item is as to whether the members of the class created by Item 14 should be determined as of the time of the death of the testatrix or as of the time directed for distribution, or, in other words, whether the bequest made in Item 14 vested at the time of the death of the testatrix or as of the time directed for distribution. So that the principal ques-

tion in this case is, did the estate of the testatrix vest in the children at her death? If it did so vest, then the sale of the property and division of the proceeds among the children at some future time by the executrix does not prevent the estate vesting in the children at the death of the testatrix. There is no provision or anything in the will of the testatrix postponing the vesting of the estate to some future time. An estate is vested in interest when "here is a present fixed right of future enjoyment. In this case, it is vested absolutely at the death of the testatrix and there is no defeasible statement or condition to the contrary in the will. It makes no difference in this case whether the court regards this estate as all personal property or part personal property and part real estate, so far as determining the vested right of the child to it. Rights to property are absolute and qualified. The property in this estate at the death of Martha Imhoff became vested in someone. There being no vested interest in the executrix, she being authorized only to hold it for 18 months and 5 years, it must vest in the children at the death of the testatrix. The law favors the vesting of estates and in the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator unless a condition precedent to such vesting is so clearly expressed that the estate cannot be regarded as so vested without directly opposing the terms of the will. To this end words of seeming condition will if they can bear that construction be held to have the effect of postponing the right of possession only, and not the present right to the estate. See **Linton v Laycock, 33 Oh St 128.**

We further cite the case of **Simpson v Welch, 44 Oh Ap 115.** This court sitting in Knox county, Ohio, held that:

"Remainder is vested where there is a present fixed right to future enjoyment."

Our Supreme Court in **Tax Commission v Oswald, 109 Oh St 52** states:

"A remainder is vested when there is a present fixed right to future enjoyment. A remainder is contingent which follows into enjoyment or possession on the happening of some uncertain event. The further distinction, is, however, to be born in mind that it is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment which marks the distinction between a vested and contingent remainder."

A Court of Appeals sitting in Holmes county, Ohio, in the case of **Stahl, Adm'r. v Mohr et, 35 Oh Ap 411,** held:

"Law favors vesting of all interest in testator's estate in devisees or legatees at earliest possible time on death of testator, unless contrary intention clearly appears. That the testator directs property to be set aside or payment made at a future time does not prevent vesting of estate on testator's death."

It therefore follows that we find that the estate of Martha A. Imhoff, deceased, vested upon the death of the testatrix, and that Daisy Markley Imhoff, is entitled to the share of Wesley W. Imhoff, deceased, in her estate.

Judgment of Common Pleas Court is affirmed.

MONTGOMERY, PJ, and SHERICK, J, concur.