Smith, Appellee, *v.* Weinkoff et al., Appellants.

(No. 4186—Decided February 3, 1947.)

*Messrs. Ryan & Ryan* and *Mr. George R. Effler,* for appellee.

*Mr. George N. Fell* and *Mr. George H. Fell,* for appellants.

Conn, J. This is an appeal on questions of law taken by defendant Charles W. Manzel from a judgment entered by the Common Pleas Court. The action was begun by the plaintiff, Bertha Petersen Smith, praying for an order construing the will of John V. Sanfleet, deceased. The testator died September 21, 1906, and in his will, after making specific bequests to his brother Aaron V. Sanfleet and his sisters Eva Petersen and Catharine Weinkoff, he devised and bequeathed to his wife, Barbara Sanfleet, his household goods, carriages and horses, absolutely, and the net income from two-thirds of all his personal and real property for life, and to his daughter, Catharine E. Fella, one-third of the net income from such property during the lifetime of the testator's wife. In the event testator's daughter survived his wife, then the daughter was to receive during her lifetime the net income of all testator's property.

The issue between the defendant Charles W. Manzel (who is the relict of a niece of the testator) and the

plaintiff arises by reason of the following provisions of the will:

"But if she is married and has issue at the time of the death of my said wife, or has issue at any time before her death, and said issue survive her, then all of said property, real and personal of every kind and description, shall pass to said child or children absolutely. But if my daughter survive my said wife and die without issue, then at her death all of my property both real and personal of every kind and description, shall pass to my said brother and sisters heretofore mentioned, share and share alike, and if dead, to their heirs, said heirs to take the share that my brothers or sisters would have been entitled to if living.

"If my said daughter should die before my said wife, then my wife to receive during her life, the net income of all of my property, real and personal of every kind and description, and at her death, all of said property I give, devise and bequeath to my said brother and sisters, heretofore mentioned, share and share alike, and in case of the death of any or all of said brother and sisters, then their respective shares shall pass to and become the property of their heirs."

The surviving spouse, Barbara Sanfleet, died March 16, 1921, and the daughter, Catharine E. Fella, died October 21, 1945. No issue was born to such daughter. The brother and two sisters of the testator, to whom the remainder of the estate was devised share and share alike (in the event testator's daughter died without issue), each passed away prior to the death of the daughter and each left an heir or heirs surviving.

The brother, Aaron V. Sanfleet, died April 19, 1918, leaving six children, among whom was a daughter, Mary Sanfleet Manzel, who died testate September 5, 1941, prior to the death of testator's daughter, Catharine E. Fella. The sole devisee under the will of

Mary Sanfleet Manzel was her husband, Charles W. Manzel, appellant herein.

The trial court determined that under the terms of the last will and testament of John V. Sanfleet, the defendant Charles W. Manzel had no interest in the estate.

It is the claim of the plaintiff that by virtue of the terms of the will the testator did not intend the remainder of his estate to vest until the date of the death of his daughter, and that the remainder did not vest until that time. On the other hand, the defendant contends that upon the death of such testator, the brother Aaron V. Sanfleet and his two sisters each became the owner of a vested remainder in one-third of the corpus of the estate.

The issue between the parties is narrow, the focal point being the moment of time the remainders vested under the provisions of the will. The determination of this question requires that the intent of the testator be ascertained from the provisions of the will, and that, when ascertained, the intent be given effect pursuant to established rules of law.

A vested remainder may be defined as a remainder so created that from the commencement of the particular estate, seisin can be instantly asserted in event the particular estate should be determined. The characteristics of a vested remainder include the following, viz., limitation to a definite person or persons in being capable of taking the estate at the time of the grant, a vesting in ownership of the remainder at such time, subject to divestment, and postponement of possession and enjoyment until the termination of the particular estate.

A contingent remainder is one so created that the particular estate may expire by its own limitation before the remainder can take effect in ownership or

possession. In a contingent remainder, the estate vests on the happening of the contingent event. If the particular estate expires before the remainder can take effect, the seisin reverts to the grantor and the remainder fails.

It is a cardinal rule that the law favors the vesting of estates and "that unless the intention of a testator to postpone the vesting of a devise or bequest to some future time is clearly indicated in his will, such devise or bequest vests in the devisee or legatee at the testator's death." 16 Ohio Jurisprudence, 476, Section 97.

Although the rule of construction favoring vested remainders will not be applied where its application will defeat the intention of the testator, nevertheless, in the absence of a clearly expressed intention or where the provisions of the will are ambiguous or doubtful, the rule that the law favors vested remainders will be applied. 16 Ohio Jurisprudence, 483, Section 103; *Ohio National Bank of Columbus, Trustee,* v. *Boone,* 139 Ohio St., 361, 40 N. E. (2d), 149, 144 A. L. R., 1150.

The pertinent provisions of the will in the instant case and the declared purpose of the testator therein expressed have been given careful consideration by counsel for the respective parties. It is urged on the one hand that the words, "then at her death," refer to the time of the death of the daughter, the life tenant; and that the word, "then," is an adverb of time and was used by the testator with the intention of fixing the time of the vesting of the remainders.

On the other hand, it is contended that the phrase above mentioned and other language found in the will referred to possession and not to vesting and did not indicate an intention to postpone the vesting of the remainders.

Although the question thus presented is not wholly free from doubt, we have reached the conclusion that the will, taken as a whole, does not disclose or evince an intention of the testator to postpone the vesting of the remainder to the time of the expiration of the prior estate.

It follows, therefore, that, under the will of John V. Sanfleet and the established rules of law applicable in its construction, upon the death of the testator, his brother, Aaron V. Sanfleet, became the owner of a vested remainder in one-third of the residue of the estate, subject to be divested in the event testator's daughter died leaving issue surviving her; and that Charles W. Manzel is entitled to the share of the estate as claimed by him.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

CARPENTER and STUART, JJ., concur.