In re Estate of Searight: Department of Taxation
of Ohio, Appellant, *v.* Miller, Exr., Appellee.

(No. 1110—Decided June 7, 1950.)

*Mr. Herbert S. Duffy,* attorney general, and *Mr. William H. Annat,* for appellant.
*Mr. Adrian W. Miller,* for appellee.

Hunsicker, J. George P. Searight, a resident of Wayne county, Ohio, died testate on November 27, 1948. Item "third" of his will provided:

"I give and bequeath my dog, Trixie, to Florence Hand of Wooster, Ohio, and I direct my executor to deposit in the Peoples Federal Savings and Loan Association, Wooster, Ohio, the sum of $1000.00 to be used by him to pay Florence Hand at the rate of 75 cents per day for the keep and care of my dog as long as it shall

live. If my dog shall die before the said $1000.00 and the interest accruing therefrom shall have been used up, I give and bequeath whatever remains of said $1000.00 to be divided equally among those of the following persons who are living at that time, to wit: Bessie Immler, Florence Hand, Reed Searight, Fern Olson and Willis Horn.''

At the time of his death, all of the persons, and his dog, Trixie, named in such item third, were living.

Florence Hand accepted the bequest of Trixie, and the executor paid to her from the $1000 fund, 75 cents a day for the keep and care of the dog. The value of Trixie was agreed to be $5.

The Probate Court made a determination of inheritance tax due from the estate of George P. Searight, deceased, the pertinent part of this judgment reading as follows:

''The court further finds that the value of the dog Trixie is taxable as a succession to Florence Hand: that the said dog inherits the sum of $1000.00 with power to consume both the interest and principal at a limited rate; that the state of Ohio (Sec. 5332) levying a tax on successions to property does not levy a tax upon the succession to any property passing to an animal; that the $1000.00 bequest to said dog is therefore not taxable; that the remainder of the $1000.00, if any, remaining after the death of said dog is taxable in the hands of the remaindermen; that there is no certain life expectancy of said dog, and that a tax should therefore be assessed upon the entire bequest to the contingent beneficiaries, subject to the right of refund as provided in Sec. 5343, Ohio General Code, upon final determination of the exact succession to each of the five remaindermen, or the survivor of them, reserving all rights of refund to a prior deceased remainderman to the estate of such remainderman, and

reserving likewise the rights of the state of Ohio to assess any excess to all remaindermen.

"Wherefore, it is ordered by the court that Florence Hand, as successor to the title of the said dog Trixie, be taxed at the rate prescribed by law on the value of said dog, to wit, $5.00; that Bessie Immler, Florence Hand, Reed Searight, Fern Olson and Willis Horn, as contingent beneficiaries and remaindermen of the said $1000.00, each be taxed on $200.00 at the rate prescribed by law, subject to refund or assessment of any excess as indicated in the findings herein * * *.''

The Department of Taxation of Ohio appeals to this court from such judgment, claiming the Probate Court erred: In holding that the bequest in item third to the extent it was paid to Florence Hand for the care of Trixie, is not a succession to property passing in trust or otherwise, to or for the use of a person; in not holding that the bequest of $1000 to the extent it was to be paid to Florence Hand for the care of Trixie was a bequest or succession to the said Florence Hand, subject to Ohio inheritance taxes; in holding that the bequest of $1000.00 was a bequest to a dog to the extent it is paid to Florence Hand for the care of Trixie; in holding that a bequest of $1000 to the extent it is paid to Florence Hand for the care of Trixie is not subject to Ohio inheritance taxes; in holding that a bequest for the care of Trixie is a valid bequest; in not holding that the sum of $1000 was a succession of property passing to the remaindermen named in item third; in not making a final order holding that the entire bequest of $1000 was subject to Ohio inheritance taxes on the amount of $200 due to each remainderman.

The questions presented by this appeal on questions of law are:

1. Is the testamentary bequest for the care of Trixie (a dog) valid in Ohio—

(a) as a proper subject of a so-called "honorary trust"?

(b) as not being in violation of the rule against perpetuities?

2. Is the bequest set forth in item third of testator's will subject to the inheritance tax laws of Ohio?

1 (a). The creation of a trust for the benefit of specific animals has not been the subject of much litigation in the courts, and our research, and that of able counsel in this case, have failed to disclose any reported case on the subject in Ohio. The few reported cases in this country, in England and in Ireland have been the subject of considerable comment by the writers of text books and by the law reviews of leading law schools.

See: *Mitford* v. *Reynolds*, 60 Eng. Rep., 812, 16 Simons, 105 (trust for horses); *Pettingall* v. *Pettingall*, 11 L. J. Ch., 176, 8 English and Empire Digest, 264 (trust for horses and hounds); *In re Dean, Cooper-Dean* v. *Stevens*, 41 L. R. Ch. D., 552 (trust for horses and hounds); *In re Kelly, Clearly* v. *Dillon*, 1932 Irish Rep., 255, 1932 Mews' Annual Digest of English Case Law, 316 (trust for dogs allowed for 21 years); *Willett* v. *Willett*, 197 Ky., 663, 247 S. W., 739, 31 A. L. R., 426 (trust for dog allowed on the basis of a statute exempting both trusts for humane purposes and those for charitable purposes from the definite beneficiary requirement); *In re Howells' Estate*, 260 N. Y. Supp., 598 (trust for 5 household pets and one human being declared invalid as violating the New York statute forbidding the suspension of the absolute ownership of personal property for a period longer than two lives in being); *In re Renner Estate*, 358 Pa., 409, 57 A. (2d), 836 (a gift of residue in trust to maintain a dog and parrot held valid); 5 Harvard Law Review, 389; 10 Michigan Law Review, 31; 17 Minnesota Law Jour-

nal, 563; 46 Harvard Law Review, 1036; 42 Yale Law Journal, 1290; 10 Cincinnati Law Review, 116.

We do not have, in the instant case, the question of a trust established for the care of dogs in general or of an indefinite number of dogs, but we are here considering the validity of a testamentary bequest for the benefit of a specific dog. This is not a charitable trust, nor is it a gift of money to the Ohio Humane Society or a county humane society, which societies are vested with broad statutory authority (Section 10062, General Code) for the care of animals.

Text writers on the subject of trusts and many law professors designate a bequest for the care of a specific animal as an ''honorary trust''; that is, one binding the conscience of the trustee, since there is no beneficiary capable of enforcing the trust.

The rule in Ohio, that the absence of a beneficiary having a legal standing in court and capable of demanding an accounting of the trustee is fatal and the trust fails, was first announced in *Mannix, Assignee, v. Purcell,* 46 Ohio St., 102, 19 N. E., 572.

The text writer for Ohio Jurisprudence on the subject of trusts (40 Ohio Jurisprudence, page 85 *et seq.*), Professor Harry W. Vanneman of Ohio State University Law School, says, in Section 68:

''Where property is conveyed or devised to a trustee for certain purposes, such as maintenance of graves, saying of masses, erection of monuments, care of certain animals, and the like, although the object of the bounty cannot enforce the trust, and, the trust not being a charity, the attorney general has no duty with respect to it, nevertheless, contrary to the doctrine of the preceding section, the trust does not fail if the trustee is willing to carry it out and erect the monument, care for the animals, etc., provided the trust will not continue for a period longer than the rule against

perpetuities. The trustee cannot hold beneficially, and, if he is unwilling to carry out the power entrusted to him, he will hold as resulting trustee for the proper person. Such a trust has been designated as an 'honorary trust' because there is no beneficiary capable of enforcing it. * * *''

In 1 Scott on the Law of Trusts, Section 124, the author says:

''There are certain classes of cases similar to those discussed in the preceding section in that there is no one who as beneficiary can enforce the purpose of the testator, but different in one respect, namely, that the purpose is definite. Such, for example, are bequests for the erection or maintenance of tombstones or monuments or for the care of graves, and bequests for the support of specific animals. It has been held in a number of cases that such bequests as these do not necessarily fail. It is true that the legatee cannot be compelled to carry out the intended purpose, since there is no one to whom he owes a duty to carry out the purpose.

''Even though the legatee cannot be compelled to apply the property to the designated purpose, the courts have very generally held that he can properly do so, and that no resulting trust arises so long as he is ready and willing to carry it out. The legatee will not, however, be permitted to retain the property for his own benefit; and if he refuses or neglects to carry out the purpose, a resulting trust will arise in favor of the testator's residuary legatee or next of kin.''

Professor Scott then discusses the position that another eminent scholar, Professor Bogert, takes in his work on the Law of Trusts and Trustees, Sections 165-166.

The object and purpose sought to be accomplished

by the testator in the instant case is not capricious or illegal. He sought to effect a worthy purpose—the care of his pet dog.

Whether we designate the gift in this case as an "honorary trust" or a gift with a power which is valid when exercised is not important, for we do know that the one to whom the dog was given accepted the gift and indicated her willingness to care for such dog, and the executor proceeded to carry out the wishes of the testator.

"Where the owner of property transfers it upon an intended trust for a specific non-charitable purpose, and there is no definite or definitely ascertainable beneficiary designated, no trust is created; but the transferee has power to apply the property to the designated purpose, unless he is authorized by the terms of the intended trust so to apply the property beyond the period of the rule against perpetuities, or the purpose is capricious." I Restatement of the Law of Trusts, Section 124.

To call this bequest for the care of the dog, Trixie, a trust in the accepted sense in which that term is defined is, we know, an unjustified conclusion. The modern authorities, as shown by the cases cited earlier in this discussion, however, uphold the validity of a gift for the purpose designated in the instant case, where the person to whom the power is given is willing to carry out the testator's wishes. Whether called an "honorary trust" or whatever terminology is used, we conclude that the bequest for the care of the dog, Trixie, is not in and of itself unlawful.

In Ohio, by statute (Section 10512-8, General Code), the rule against perpetuities is specifically defined, and such statute further says:

"It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities."

It is to be noted, in every situation where the so-called "honorary trust" is established for specific animals, that, unless the instrument creating such trust limits the duration of the trust—that is, the time during which the power is to be exercised—to human lives, we will have "honorary trusts" established for animals of great longevity, such as crocodiles, elephants and sea turtles.

See: Gray, The Rule Against Perpetuities (Fourth Ed.), Section 896.3.

Restatement of the Law of Property, Section 374, states the maximum period allowed by the rule against perpetuities as:

"(a) lives of persons who are

"(i) in being at the commencement of such period, and

"(ii) neither so numerous nor so situated that evidence of their deaths is likely to be unreasonably difficult to obtain; and

"(b) twenty-one years; and

"(c) any period or periods of gestation involved in the situation to which the limitation applies."

This same text, with reference to the application of such rule to "honorary trusts," says, at Section 379:

"A limitation of property on an intended trust is invalid when, under the language and circumstances of such limitation,

"(a) the conveyee is to administer the property for the accomplishment of a specific noncharitable purpose and there is no definite or definitely ascertainable beneficiary designated; and

"(b) such administration can continue for longer than the maximum period described in Section 374; and

"(c) destructibility of the trust, of the sort described in Section 373, is absent."

The lives, in being, which are the measure of the

period set out in the rule against perpetuities, must be determined from the creating instrument.

If we then examine item third of testator's will, we discover that, although the bequest for his dog is for "as long as it shall live," the money given for this purpose is $1000 payable at the rate of 75c a day. By simple mathematical computation, this sum of money, expended at the rate determined by the testator, will be fully exhausted in three years and 238-1/3 days. If we assume that this $1000 is deposited in a bank so that interest at the high rate of 6% per annum were earned thereon, the time needed to consume both principal and interest thereon (based on semi-annual computation of such interest on the average unsued balance during such six month period) would be four years, 57½ days.

It is thus very apparent that the testator provided a time limit for the exercise of the power given his executor, and that such time limit is much less than the maximum period allowed under the rule against perpetuities.

We must indulge the presumption that the testator was cognizant of the rule against perpetuities and the construction placed upon it by the courts, and that he prepared his will possessed of such knowledge. *Everhard et al., Trustees,* v. *Brown,* 75 Ohio App., 451, at page 459, 62 N. E. (2d), 901.

We therefore conclude that the bequest in the instant case for the care of the dog, Trixie, does not, by the terms of the creating instrument, violate the rule against perpetuities.

2. We next consider the problem of the inheritance tax, if any, to be levied on the bequest contained in item third of testator's will.

Section 5332, General Code, says, in part:

"A tax is hereby levied upon the succession to any

property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

"1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death.

" * * *

"4. Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property heretofore or hereafter made, such appointment when made shall be deemed a succession taxable under the provisions of this subdivision of this chapter in the same manner as if the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by said donee by will * * *."

This statute determines that a tax shall be levied upon succession to all property passing to a person, institution or corporation. Certainly, a dog is neither an institution nor a corporation. Can it be successfully contended that a dog is a person? A "person" is defined as "3. A human being." Webster's New International Dictionary, Second Edition.

We have hereinabove indicated that the bequest for the dog, Trixie, comes within the designation of an "honorary trust," and, as such, is proper in the instant case. A tax based on the amount expended for the care of the dog cannot lawfully be levied against the monies so expended, since it is not property passing for the use of a "person, institution or corporation."

The executor herein had a power granted to him to use the funds for the support of the dog, which he proceeded to fulfill. Is it possible that such a power could be considered as a power of appointment within the terms of subsection 4 of Section 5332, General Code, and, hence, subject to taxation thereunder?

On this point, we need look for no other authority than that contained in 3 Restatement of the Law of Property (Future Interests), Section 318 (2), which states the rule as follows:

"(2) The term power of appointment does not include a power of sale, a power of attorney, a power of revocation, a power to cause a gift of income to be augmented out of principal, a power to designate charities, a charitable trust, a discretionary trust, or an honorary trust."

Thus, an intended trust (honorary trust) for the support of a specific animal does not create a power of appointment, as such term is used in the inheritance tax statute (Section 5332, General Code).

We therefore conclude that no succession tax may be levied against such funds as are expended by the executor in carrying out the power granted to him by item third of testator's will.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.