MANLEY, APPELLANT, *v.* CRAWFORD, APPELLANT; ET AL., APPELLEE.

(No. 709—Decided March 27, 1953.)

*Messrs. Spidel, Staley & Hole,* for appellants.
*Mr. Martin D. Pluess,* for appellee.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Darke County in a will construction action.   The sole error assigned is that the trial court committed prejudicial error in holding that the estate involved herein vested in the children of the testator as of the date of his death.

In item three of his will, the testator gave a life estate to his widow, and in item four provided as follows:

"It is my will that after the death of my said wife, Martha E. Crawford, that my estate both real and personal shall pass to and vest in equal parts in my son Carl J. Crawford and my daughter Gladys Crawford Manley.   Should either of said children die before my deceased [*sic*] leaving children the part of my estate that would have gone to such child if living shall pass to and vest in the children of such deceased child.   Should either of my said children die prior to my decease without children it is my will that such share as would have gone to such child had he or she been living shall (......) to and vest in the child that may be living or to the heirs of such child."

Item four consists of three sentences, each providing for a separate contingency.   The first sentence contains the provision which requires construction.

The testator died August 12, 1939, survived by his

wife, Martha E. Crawford, his daughter, Gladys Crawford Manley, and his son, Carl J. Crawford. At the time of the execution of the will the daughter was married, and had two children, and the son was married, but had no children. The son died intestate, without children, on August 6, 1950, leaving as his only next of kin and heirs at law his widow, Eva M. Crawford, appellee herein, and his mother, the widow of the testator. The widow of the testator elected to take under the provisions of the will. The widow died while the appeal in this court was pending.

The sole question for determination is: Did the estate vest in the children as of the date of death of the testator, or upon the termination of the life estate of the widow?

The trial court applied the well-established rule that the law favors the vesting of estates at the earliest possible moment, and held that the daughter and son took a vested estate in remainder as of the date of death of the testator. The rule applied by the trial court has a well-recognized exception which is usually stated as part of the complete rule.

The complete rule is stated in the second paragraph of the syllabus in *Ohio National Bank of Columbus, Trustee,* v. *Boone,* 139 Ohio St., 361, 40 N. E. (2d), 149, 144 A. L. R., 1150, as follows:

"The law favors the vesting of estates at the earliest possible moment, and a remainder after a life estate vests in the remainderman at the death of the testator, *in the absence of a clearly expressed intention to postpone the vesting to some future time."* (Emphasis ours.)

Other cases cited by appellee in support of her contention are: *Linton* v. *Laycock,* 33 Ohio St., 128; *Stahl, Admr.,* v. *Mohr,* 35 Ohio App., 411, 172 N. E., 431; *Moore* v. *Deckebach,* 46 Ohio App., 381, 188 N. E., 880; *Imhoff, Exrx.,* v. *Imhoff,* 59 Ohio App., 394, 18 N. E.

(2d), 411; *Smith* v. *Weinkoff*, 80 Ohio App., 206, 75 N. E. (2d), 81; and *Tax Commission of Ohio* v. *Oswald, Exrx.*, 109 Ohio St., 36, 141 N. E., 678. See, also, 16 Ohio Jurisprudence, 476, Section 97. In the aforementioned cases, the well-established exception to the general rule is recognized. In each of the cases cited the situation presented is one where the time of payment, division, or distribution was postponed. In those cases the court found that the right of possession only was postponed. There was found to be a present fixed right of future enjoyment. In the cases cited the wills under construction contained no expressed provision fixing the time of vesting of the estate such as in the case at bar.

In this case, as in all will construction cases, we are required to ascertain the intention of the testator from the four corners of the will, and give effect thereto.

Does the testator manifest a contrary intention to an immediate vesting? We think so. In item four testator expressly provides that: "After the death of my said wife * * * my estate * * * shall pass to and vest * * *." We can scarcely conceive of stronger language to express the intention of the testator that the estate shall vest at the termination of the life estate. This is tantamount to stating that it shall not vest at an earlier date. To construe the will otherwise would do violence to this provision in the will; all force and effect of this provision would be nullified.

In *Tax Commission* v. *Oswald, Exrx., supra,* the court, on page 48, states the applicable rule of construction as follows:

"Now, it is rudimentary in the construction of wills that the intention of the testator is to be ascertained, and the whole will given force and effect, if such a construction can be reached consistent with the application of legal principles, and that, when an instrument is open to two constructions, one of which will give effect

to the whole instrument and the other will destroy a part of it, the former must always be adopted.''

We concede that the question presented is not wholly free from doubt, but we have reached the conclusion that the will discloses the intention of the testator to postpone the vesting of the estate until the termination of the life estate.

It is axiomatic that the fee must vest in someone. The will does not provide for the vesting of the fee during the life tenancy, in case both the son and daughter survive the testator. Therefore, the fee vested in the next of kin of the testator, subject to being divested in favor of those having the right to the vested estate at the death of the life tenant. The son died before the termination of the life estate and, therefore, never took a vested estate in the remainder. At the death of the life tenant, the entire estate vested in the daughter.

Finding error in the record prejudicial to the rights of the appellant, the judgment is reversed with directions to enter final judgment in conformity herewith.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.