IN RE ESTATE OF MORTON : MOAK, EXRX., APPELLEE, *v.* MOAK ET AL., APPELLANTS.

(No. 2427—Decided September 26, 1957.)

*Mr. Glenn D. McClellan,* for appellee.

*Messrs. Coolidge, Wall & Wood* and *Mr. Edgar J. Graef, Jr.,* for appellant Alice S. Devers.

*Messrs. Harshman, Young, Colvin & Alexander* and *Mr. Maxwell H. Stamper,* for Jeannette Conner.

CRAWFORD, J. This is an appeal on questions of law from the action of the Probate Court in construing the will of Bessie J. Morton, deceased, and ordering distribution accordingly.

The facts are not in issue, having been stipulated in the Probate Court. Item four of the will reads as follows:

"In case that my husband, J. B. Morton, shall survive me I give, devise and bequeath to him, during his lifetime, all of the remainder of my estate, real, personal or mixed, of whatever nature and wheresoever situated upon the trust, and for the intent and purpose, that by and from the net income and produce thereof, he may maintain himself; then at the decease of my husband, or at my decease if he shall not survive me, all my estate, real, personal or mixed, shall go to and be equally divided between my two children, M. O. Devers and Rosamond D. Moak, the issue of a deceased standing in the place of the parent."

The will was dated January 29, 1951. The testatrix died on March 11, 1951, and was survived by her husband, J. B. Morton, and by her two children, M. O. Devers and Rosamond D. Moak. The son, M. O. Devers, died testate on December 16, 1952, and was survived by his wife and three children; he devised his entire estate to his wife, Alice S. Devers. J. B. Morton died on August 23, 1955. The health of both J. B. Morton and M. O. Devers was precarious, and known by the testatrix to be so, at the time she executed her will.

According to the terms of item four of the will, J. B. Morton, of course, received a life estate, and Rosamond D. Moak now has a vested interest in one-half of the remainder. As to these two facts there is no dispute.

The question at issue is whether M. O. Devers, during his lifetime, acquired a vested interest in the other one-half of the remainder. If so, that interest passed by his will to his widow, Alice S. Devers; but if he had only a contingent remainder, then, at the death of the life tenant, his surviving children would take.

The Probate Court held "that the testatrix has expressed an intention to postpone the vesting of the remainder to some future time; in this instance to the time of the expiration of the life tenancy. The remainders being contingent and M. O. Devers having predeceased the life tenant, the share he might have taken vests in his children surviving at the death of the life tenant J. B. Morton."

The primary rule to be followed in construing wills is first to determine the intention of the testator as gathered from the four corners of the will. 41 Ohio Jurisprudence, 590 *et seq.*, Wills, Sections 467 and 468. The portion of this will which is vital, and to which the briefs and arguments have been directed, is the last clause of item 4, which is now repeated with italics added to designate the language which we believe requires particular attention:

"* * * *then at* the decease of my husband, or at my decease if he shall not survive me, all my estate, real, personal or mixed, *shall go to* and be equally divided between *my two children, M. O. Devers and Rosamond D. Moak, the issue of a deceased standing in the place of the parent.*" (Italics supplied.)

The words, "shall go to," are expressly dispositive. *Huber* v. *Carew* (1904), 7 C. C. (N. S.), 609, 16 C. D., 389.

The word, "then," is variously employed in wills: (1) As an adverb of time; (2) as a conjunctive of condition signifying "in that case," "in that event," or the like; or (3) as a simple conjunction.

Use number two is employed only with reference to a contingency; however, there is no contingency involved at this point. Instead, there is reference to an event which is certain to occur, namely, the death of the survivor of the testatrix and her husband. If use number three is intended, the word loses any particular significance, and is only introductory. Whether use number one was intended may be debatable. If this word had been placed immediately before the words, "all my estate," it would clearly be an adverb of time; but standing as it does at the beginning of the sentence it may or may not be intended in that sense.

However, the word, "at," as here employed, is a preposition of time and is both clear and significant. It fixes the time when the estate "shall go to," that is, when it shall vest, namely, at the time of the death of the survivor of the testatrix and her husband, J. B. Morton.

Those in whom it shall vest are described as "my two children, M. O. Devers and Rosamond D. Moak, the issue of a deceased standing in the place of the parent." In other words, the estate shall vest at that time in these two if then living, but

if either is deceased then the parent's share shall vest in his or her issue per stirpes.

But, says appellant, the question of survival and the identity of those who take are to be determined at the time of the death of the testatrix, not of the life tenant. The difficulties with that argument are: (1) That no such intention is stated; (2) that on the contrary a clear condition is imposed under which the time of death of the testatrix shall be determinative, namely, "if he [J. B. Morton] shall not survive me [testatrix]"; and (3) that it is provided that otherwise these things shall be determined "at the decease of my husband."

The Probate Court properly found, therefore, that the remainder interests were contingent until the death of J. B. Morton, the life tenant, and that upon his death they vested, one-half in Rosamond D. Moak and one-half in the surviving issue of M. O. Devers.

Frequent reference has been made to the case of *Manley* v. *Crawford,* 94 Ohio App., 500, 116 N. E. (2d), 603, decided by this court in 1953. Quite naturally the exact language of the two wills varies somewhat and each necessarily requires individual analysis and interpretation. But the fundamental principles enunciated there apply here.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.