LANE ET AL., APPELLEES, *v.* LANE ET AL., APPELLEES; STINE ET AL., APPELLANTS.

(No. 580—Decided December 30, 1961.)

*Mr. Robert J. Moorman*, for plaintiff appellees.
*Messrs. Shipman & Utrecht*, for defendant appellees.
*Messrs. Miller & Bazler*, for appellants.

KERNS, J.  This is an appeal from a judgment of the Court of Common Pleas of Miami County in an action to quiet title to certain real estate located in Tipp City, Ohio.  The plaintiffs claim title by virtue of the will of James W. Lane, who died on February 8, 1954, leaving a will dated December 7, 1946.

When the will was executed in 1946, the testator had a wife, Lillie M. Lane, and three sons, Nelson, Howard, and George. The son George, according to the stipulation of the parties to this action, had been missing for approximately sixteen years when the will was drafted.

In the light of these circumstances, the testator, James W. Lane, disposed of his entire estate as follows:

"2. All the money and personal property of every kind and description which I own or may have the right to dispose of at the time of my decease, I give and bequeath to my wife, Lillie M. Lane, to be hers absolutely for the purposes of her reasonable living expenses during the period of her natural life, and at her death, all that remains of said personal property shall be divided equally between, and shall vest in, my two sons, Nelson W. Lane and Howard H. Lane.

"3. All the real estate in my name, which I may own or have the right to dispose of at the time of my decease, I hereby give, bequeath and devise to my said wife, Lillie M. Lane, to be hers only for and during the period of her natural live [sic], with all right title and interest in and to the rents, increases and profits therefrom arising, and upon her death said property and the title thereto shall vest in the name and title of my sons, Nelson W. Lane and Howard H. Lane, to be theirs absolutely and in fee simple."

The testator's son, Nelson, predeceased his father on January 16, 1951, leaving one child, Elva H. Cahall. Howard Lane, the other son named in the will, is still living. The third son, George, who has been missing for over thirty years and who is now presumed to be dead, is survived by two children, Donald W. Lane and Dorotha Lachey. Lillie M. Lane, the testator's widow, died on August 26, 1959.

The language of paragraph three of the will, which disposes of the real estate in question, has given rise to three conflicting claims.

The defendant appellants claim that the fee simple title to the real property vested in the heirs at law of James W. Lane upon his death, subject to the life estate of Lillie M. Lane and subject to divestiture in favor of the named remaindermen who survived the life tenant, and that since one of the remaindermen predeceased both James W. Lane and the life tenant, the un-

divided one-half interest in the real property descends, one-third to his widow and two-thirds to his children, per stirpes.

The defendant appellees claim that the fee did not vest until the death of the life tenant, and that only the next of kin of the testator, as they existed immediately following the life tenant's death, have any interest in the property.

The plaintiff appellees claim that the undivided one-half interest in the property passes to Elva H. Cahall, the only daughter of Nelson Lane, by virtue of the ''lapse statute.'' (Section 2107.52, Revised Code.)

In resolving these conflicting claims, it is fundamental, of course, that the intention of the testator, when ascertained, will be controlling. 41 Ohio Jurisprudence, 590, Sections 467 and 468.

The defendant appellants, in order to sustain their position, would have to show, among other things, that the testator intended to devise more than a life estate to his wife. After searching the will, this appears to us to be an insurmountable task. The language the testator uses, insofar as his wife is concerned, clearly devises a life estate *only*, and no rules of construction need be applied where the language of the testator is unambiguous.

In like manner, the defendant appellants, in order to prevail, would also have to show that the testator intended that his son George share in the real estate. George, however, was not mentioned in the will, whereas Nelson and Howard are specifically mentioned by name. In construing the will, therefore, we must not only consider what the testator did with reference to his sons, Nelson and Howard, but we must also consider what he has forborne to do with reference to his son George. *Richey, Exr.*, v. *Johnson*, 30 Ohio St., 288, 292. And in this regard, the failure to specifically bequeath or devise any property to George seems to be a natural consequence of the prolonged absence and possible death of George prior to the time the will was written.

The defendant appellees likewise, in our opinion, subject the will to a construction which it neither needs nor can comfortably bear. In fact, their position appears untenable. If, as contended by the defendant appellees, the fee did not vest in either the remaindermen named in the will or the heirs of the testator, where was it between the time of the testator's death

and the life tenant's death? It had to be one place or the other. The will spoke as of the death of the testator. *Judy* v. *Trollinger*, 110 Ohio St., 576, 583. And it is axiomatic that the fee must vest in someone. *Manley* v. *Crawford*, 94 Ohio App., 500.

Basically, the question involved here is whether the will devises vested or contingent remainders to the sons, Nelson and Howard. The law favors the vesting of estates at the earliest possible moment, and it is well settled in Ohio that a remainder after a life estate vests in the remainderman at the death of the testator, unless an intention to postpone the vesting to some future time is clearly expressed in the will. *Tax Commission* v. *Oswald, Exrx.*, 109 Ohio St., 36; *Bolton* v. *Bank*, 50 Ohio St., 290.

The defendant appellants and defendant appellees argue that the interests devised to Nelson Lane and Howard Lane are contingent remainders, and cite the cases of *Manley* v. *Crawford*, *supra*, and *In re Estate of Morton*, 105 Ohio App., 438. For obvious reasons, the language used in wills is rarely favored with conclusive precedent, and although we adhere to the fundamental rules applied in the cited cases, we cannot agree that said cases are dispositive of the question now before us.

Here, the three devisees and legatees named in the will were, under the circumstances, the most natural subjects of the testator's bounty.

In the second paragraph of the will, he bequeathed his personal property to his wife with the power to consume, and then provided that "at her death, all that remains of said personal property shall be divided equally between, and shall vest in, my two sons, Nelson W. Lane and Howard H. Lane." Although this provision of the will is not in issue in this case, it does give some insight into the intention of the testator, and we are satisfied that the language used therein would be controlled by the holding of the Supreme Court in the case of *Ohio National Bank of Columbus, Trustee,* v. *Boone*, 139 Ohio St., 361, where paragraph three of the syllabus provides:

"To the frequently stated general rule that if there is no gift in a will but by a direction to pay at a future time or event, the legacy will not vest in the beneficiary until the time for payment arrives, is the well recognized exception that where the postponement of payment is for the convenience of the estate, as the appropriation of the subject matter of the legacy to the

use and benefit of another for life, the ultimate interest will vest at the death of the testator. Under such exception, the postponement of payment relates merely to the enjoyment of the legacy and is not attached to the substance thereof.''

The testator in this case then evidenced a similar intention in paragraph three of his will in the following language:

''* * * *upon her death said property* and the title thereto *shall vest* in the name and title of my sons, Nelson W. Lane and Howard H. Lane, *to be theirs absolutely and in fee simple.*'' (Emphasis ours.)

In our opinion, this language anticipates absolute ownership of the property by Nelson and Howard at some time in the future, *i. e.*, upon the death of the life tenant, and is used in contradistinction of a present intention to devise a contingent remainder subject to the life estate. In other words, the only contingency relates to absolute ownership, and not to the remainder. We are therefore of the opinion that the testator intended to devise a vested remainder to his children, Nelson and Howard, subject to the life estate of his wife, Lillie.

But the son, Nelson, predeceased the testator, thus requiring the application of Section 2107.52, Revised Code. The presumption exists that a testator in drawing his will possesses knowledge of existing statutes which may affect the devolution of his estate. *Flynn, Admr.,* v. *Bredbeck,* 147 Ohio St., 49.

At the time the will was drawn, Section 10504-73, General Code (now Section 2107.52, Revised Code), provided in part:

''When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator.''

Accordingly, Elva Cahall, as issue of the testator, is entitled to the estate devised to her father, Nelson Lane.

In conclusion, we find that the plaintiff appellees, Howard H. Lane and Elva H. Cahall, are entitled to have their title to the real estate quieted as against the claim or claims of each and all of the defendants.

*Judgment accordingly.*

CRAWFORD, P. J., and SHERER, J., concur.