Vinson et al. *v.* First Trust & Savings Bank et al.[*]

(No. 18627—Decided April 30, 1974.)

Court of Common Pleas of Muskingum County, Probate Division.

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. John F. Shampton,* for plaintiffs.
*Messrs. Miller, Pfeifer, Burkhart & Batross, Mr. Philip J. Miller,* for defendants.

Gary, J.  This matter comes on to be heard on the complaint of Phyllis June Vinson and Helen Faye McDaniel, who asked to have the trust established by Clarence Ashmore, in which the First Trust and Savings Bank of Zanesville is trustee, declared void as being in violation of the rule against perpetuities and the common-law rule against accumulations.

---

[*]Judgment affirmed by the Court of Appeals.

In order to determine this case, it is necessary to determine the meaning of the trust agreement, in particular the following four paragraphs:

"My said trust estate shall be treated as composed of two equal shares, and one of such shares shall be held for the benefit of my daughter, Helen Faye McDaniel, and the other of such shares shall be held for the benefit of my daughter, Phyllis June Vinson. During the lives of my said two daughters, the Trustee is authorized and empowered to pay for the benefit of each one, from the income and principal of the share held for each one, the sum of One Hundred Dollars ($100.00) per month, or until such time as such shares of said trust fund become exhausted.

"In the event of the decease of either of such daughters before distribution to such one shall have been completed as provided herein, the share so held or intended for such one, or such part thereof as then shall remain unconsumed and undistributed, shall vest in the then surviving lineal descendants of such daughter per stirpes; or, in the default of such lineal descendants, shall vest in my other said daughter, if living, or if not living, in her surviving lineal descendants.

"The Donor further directs that if and when any of the lineal descendants of my said daughters become beneficiaries of the Trust herein, that said monthly payments to said beneficiaries shall not begin until such time as he, she, or they respectively attain the age of eighteen (18) years.

"In the event that any of said lineal descendants become beneficiaries herein, who have attained the age of eighteen (18) years, but have not attained legal age, my Trustee is hereby authorized, empowered, and directed to make said monthly payments to which said beneficiary or beneficiaries may be entitled, direct to said beneficiary or beneficiaries, and his or her receipt therefor, even though he or she is a minor, shall be a sufficient voucher for the trustee."

In making its determination, the court must, wherever possible, favor the interpretation upholding the validity of the trust. In the case of *Lloyd* v. *McDiarmid*

(1937), 24 Ohio Law Abs. 556, 559, Judge Mack quoted the following statements:

" 'It is well settled that the invalidity of some of the objects or provisions of a trust, or of part of several trusts, created by the same instrument, will not affect the validity of the remaining objects, provisions or trusts which are separate and independent, but in such case the invalid portions will be rejected and the valid portions permitted to stand.' * * *

" 'In construing trust instruments, the courts will, whenever possible, favor that construction which will uphold the validity of the trust. Hence, where the provisions of the instrument creating the trust are capable of two constructions, the Court will adopt that construction which will render the trust legal and operative, rather than the one which will render it void.' * * * *"

This case was affirmed by the Court of Appeals in 60 Ohio App. 7. (Motion to certify overruled February 23, 1938.)

It is the opinion of the court that this case and the line of decisions therein cited is controlling in cases of this sort.

In the case of *Imhoff* v. *Imhoff* (1938), 59 Ohio App. 394, 395, our own Court of Appeals, in a comparable case involving vesting of interests, held:

"* * * [I]n the construction of devises of real estate, the estate will be held to be vested in the devisee at the death of the testator unless a condition precedent to such vesting is so clearly expressed that the estate cannot be regarded as so vested without directly opposing the terms of the will. * * *"

It is the opinion of this court that this would be equally applicable to trusts.

In another appellate case, *In re Searight* (1950), 87 Ohio App. 417, 425, the court found that a presumption arose in regard to a will violating the rule against perpetuities and made the following conclusion:

"We must indulge the presumption that the testator was cognizant of the rule against perpetuities, and the

construction placed upon it by the courts, and that he prepared his will possessed of such knowledge. * * *''

In the case of *Everhard* v. *Brown* (1945), 75 Ohio App. 451, the court also held that a devise to a class of persons would take effect at the earliest possible time.

After reviewing these cases and the other cases cited by the parties in their memoranda, this court finds that the statement in the trust agreement, "the share so held or intended for such one, or such part thereof as then shall remain unconsumed and undistributed, shall vest in the then surviving lineal descendants of such daughter per stirpes," provides for a definite and final vesting of the share at the death of the daughter which would, of course, be within the time set by the rule against perpetuities.

In regard to the claim that the trust violates the rule against accumulations, it would be necessary that the accumulations extend beyond the period of the rule against perpetuities. The Restatement of the Law, Trusts 2d, Section 62*t*, states as follows:

"*Accumulations*. A provision in the terms of the trust that the income of the trust estate shall be accumulated by the trustee, and that the income so accumulated shall be held in trust, is invalid, if the period of accumulation is longer than the period of the rule against perpetuities. * * *''

Since we have already determined that the trust does not violate the rule against perpetuities, but will, in fact, vest at the time of the death of each of the daughters, there can, thus, be no violation of the common-law rule against accumulation.

The court is aware of the increase in value of the trust during the years that have elapsed since its creation. However, it is also aware of the fact that the creator of the trust had lived through the depression and World War II and was inclined to be somewhat cautious in setting up the trust. The fact that the trustee has efficiently managed the trust so as to increase its value would certainly not be a violation of the trust agreement.

In conclusion, the court finds that the trust instrument provides that upon the death of each daughter, the share of such daughter vests in the then living lineal descendants of such daughter per stirpes. If all of the surviving lineal descendants are eighteen years of age or older, the share of such daughter shall be distributed immediately to said descendants. In the event some of the lineal descendants have not attained the age of eighteen at the time of the death of such daughter, the monthly payment of $100 shall be distributed on a per stirpetal basis to all those who have attained such age, and as each one reaches this age, the distribution shall be adjusted to include such descendant. Upon the attainment of the age of eighteen by the youngest lineal descendant, or if, by reason of death, there are no surviving descendants under this age, the principal of such share be distributed to the descendants who were surviving at the time the share vested upon the death of the daughter or their then living heirs, per stirpes. If there are no surviving lineal descendants at the time of the death of the daughter, her share shall vest in the other daughter or her lineal descendants.

*Judgment accordingly.*